UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

John W. Sliker,   Civil No. 07cv1564 (ADM/FLN)

    Petitioner,

v.   **REPORT AND RECOMMENDATION**

David L. Winn, et al,

    Respondents.

_____

John W. Sliker, Petitioner pro se

Mary J. Madigan, Assistant United States Attorney, for Respondents

_____

    This matter was initially brought in the United States District Court, District of Massachusetts while Petitioner was confined at the Federal Medical Center Devens in Ayer, Massachusetts. [Docket No. 10, Attachment 1]. Petitioner was transferred to Federal Medical Center Rochester on August 5, 2006. (Declaration of Patrick Ward, ¶ 3, Docket No. 15) (hereinafter "Ward Decl.") When Petitioner was transferred from Massachusetts to Minnesota, the United States District Court, District of Massachusetts, dismissed Petitioner's case as moot and transferred the case to this Court. (Respondent's Memorandum of Law, n. 1, Docket No. 14.)

1

On April 11, 2007, this Court ordered[1] Respondents to file an updated response to Petitioner's habeas corpus Petition. Respondents filed a Memorandum of Law on May 10, 2007. This matter is now before the undersigned on Petitioner's Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Docket No. 10, Attachment 1] For the reasons discussed below, this Court recommends that Petitioner's Writ of Habeas Corpus should be denied.

## I.   BACKGROUND

Petitioner John L. Sliker is currently incarcerated at the Federal Medical Center ("FMC") Rochester. However, the events underlying this Petition occurred while Petitioner was incarcerated at the Federal Medical Center Devens in Massachusetts.

On April 2, 1998, the United States District Court for the Western District of Texas sentenced Petitioner to thirty-one months for conspiracy to cause false statements; aiding and abetting false statements in the acquisition of firearms; possession of firearms by a convicted felon; and false statements. (Declaration of FMC Devens Inmate Systems Manager Stephen Gagnon ¶ 4 and Document 2a)("hereinafter Gagnon Decl.") On July 26, 2000, Petitioner was sentenced by the same court to two hundred months for conspiracy to distribute and possess with intent to distribute marijuana; conspiracy to launder money; laundering of monetary instruments; and false statements. (Gagnon Decl. ¶ 5 and Document 2b.) According to Petitioner, all terms were to be served concurrently and the sentencing court "Order[ed] that the defendant shall be

---

[1] This Court also ordered the parties to present their respective positions regarding who should be named Respondent in this matter subsequent to Petitioner's transfer to Federal Medical Center Rochester. The parties did not directly do so, although, Respondents, in their Memorandum in Opposition to Petitioner's Habeas Corpus Petition, are specifically described as "David L. Winn, Warden at the Federal Medical Center in Devens, Massachusetts ("FMC Devens"), and Steven Gagnon, Inmate Systems Manager, FMC Devens." (Introduction, Docket No. 14.)

given credit for time served in federal custody, on charges in this case beginning February 18, 1998 (the date of the original indictment in this case.)" Petition at 2-3.

When Petitioner arrived at FMC Devens, the Bureau of Prisons calculated his sentence. (Gagnon Decl. ¶ 6.)  His sentence computation began on the date of imposition of the sentence, July 26, 2000, and he received prior custody credit for July 9, 1999 (the date of release from a prior sentence) through July 25, 2000 (the day prior to the date of imposition for the current sentence), for a total of 383 days.  (Gagnon Decl. ¶ 6 and Document 2c.)  Thus, if Petitioner received all remaining Good Conduct Time, his projected release date would be January 13, 2014.  Id.  If he did not receive any remaining Good Conduct Time, his projected release date would be March 7, 2016.  Id.  Petitioner did not receive prior custody credit for the time he served before July 9, 1999, because he was actively serving his first federal sentence.  Id. at ¶ 6.

Petitioner filed a Petition with the sentencing court, pursuant 28 U.S.C. § 2255, "when the Inmate Systems Manager at the Federal Medical Center ("FMC") Devens, refused to calculate petitioner's prison time consistent with the judgment and commitment."  (Petition at 3.)  The sentencing judge granted the § 2255 Petition and issued an amended judgment.  (Id. and Letter with Attachments, Docket No. 13.)  When Respondents did not correct Petitioner's sentence according to the amended judgment, Petitioner sought and obtained a second amended judgment from the United States District Court, Western District of Texas.  (Petition at 4 and Gagnon Decl., Document 2e.)  Respondents again refused to recalculate the sentence and Petitioner sought and obtained a third amended judgment on March 18, 2003. (Gagnon Decl., Document 2f. )

When Petitioner sought a fourth amended judgment, the BOP had discussions with the

sentencing court to explain why it could not calculate Petitioner's sentence in the manner directed in the prior amended judgments.  After these discussions, the sentencing court issued the Fourth Amended Judgment and Commitment Order reducing the sentence by 506 days.  (Gagnon Decl. ¶¶ 9-10 and Document 2g.)  This would achieve the same result as if the BOP had been able to calculate Petitioner's sentence as directed in the earlier amended judgments, in other words, the sentence would be reduced by the number of days (506) he had served between February 18, 1998 and July 25, 2000.  (Gagnon Decl. ¶¶ 9-11.)  Thus, if Petitioner were to receive all Good Conduct Time, his projected release date would be October 28, 2012.  If Petitioner does not receive any remaining Good Conduct Time, his sentence expiration date will be October 16, 2014.  (Gagnon Decl. ¶11.)  The BOP reduced the sentence accordingly.  Id.

Petitioner recognizes that the Fourth Amended Judgment reduced the number of days of his sentence. (Petition at 6.)  However, Petitioner was given "Sentence Monitoring Computation Data" in November 2005 that shows the computation of his current sentence began July 26, 2000, and not February 18, 1998.  Id.  Petitioner cites the following language in the Fourth Amended Judgment:  "It is the Court's intent that the defendant receive credit on this sentence beginning February 18, 1998 through July 25, 2000" for the proposition that Respondents still have not complied with the sentencing court's instructions.  Petitioner seeks relief from this Court to order Respondents, pursuant to 28 U.S.C. § 2241, to correct the sentence computation to give him credit on his current sentence from February 18, 1998, through July 25, 2000.  (Petition at 8 and Letter with Attachments.)

**II.   DISCUSSION**

A.   The BOP has properly computed Petitioner's Sentence

The computation of federal sentences is governed by 18 U.S.C. § 3585 for offenses committed after November 1, 1987.  There are two steps in computing a sentence, determining commencement of the sentence and applying credit for prior custody.  18 U.S.C. § 3585(a) and (b).  A sentence commences "on the date the defendant is received in custody...at the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a).  A defendant will be given [prior custody] credit that has not been credited against another sentence, "for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed." 18 U.S.C. § 3585(b).

The Attorney General, through the Bureau of Prisons, has the responsibility of crediting jail time against a federal sentence.  United States v. Wilson, 503 U.S. 329, 334 (1992).  18 U.S.C. § 3585(b) does not authorize a district court to compute credit at sentencing.  Id. at 335.  If a prisoner disagrees with the BOP's computation of the sentence, he is entitled to administrative review of the decision and after exhausting administrative review, he may seek judicial review by way of a habeas corpus petition under 28 U.S.C. § 2241.  United States v. Tindall, 455 F.3d 885, 888 (8th Cir. 2006).

B.   Analysis

Petitioner argues that The U.S. Sentencing Guidelines § 5G1.3(b) gives the sentencing court authority to grant a defendant credit on his federal sentence for all the time he served before the federal sentencing.  (Petition at 11.)  Petitioner alleges "[t]his provision of the sentencing guidelines was utilized by the District Court for the Western District of Texas, but

5

has been systematically denied by petitioner's custodian." Id.  Petitioner cites to the version of Application Note 2 of U.S.S.G. § 5G1.3(b) in effect in the year 2000 when he was sentenced. The Note read:

> When a sentence is imposed pursuant to subsection (b), the court should adjust the sentence for any period of imprisonment already served as a result of the conduct taken into account in determining the guideline range for the instant offense if the court determines that period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons...

Thus, Petitioner contends the sentencing court has repeatedly attempted "to afford petitioner the benefit of the intended concurrent sentence...The [sentencing] Court has gone so far as to reduce the original 200 month sentence down to 183 months because of the FBOP's refusal to comply with correcting the sentence computation."  (Petition at 12.)

It appears that Petitioner fails to recognize that the sentencing court, in its Fourth Amended Judgment and Commitment Order, did exactly what Application Note 2 to U.S.S.G. § 5G1.3(b) suggests.  See Fourth Amended Judgment, Gagnon Decl., Document 2g.  In other words, when the sentencing court understood why the Bureau of Prisons would not credit time served on the first federal sentence, it "adjust[ed] the sentence for any period of imprisonment already served as a result of the conduct taken into account in determining the guideline range for the instant offense." Application Note 2, supra.  The court adjusted the sentence by reducing it from two hundred months to 183 months and 9 days.  This achieved the same result as if the BOP had given Petitioner prior custody credit beginning February 18, 1998, but achieved the result without requiring the BOP to violate 18 U.S.C. § 3585.

Petitioner appears to suggest the sentencing court intended to both shorten his sentence and order the BOP to give prior custody credit for the period of February 18, 1998, through July

25, 2000.    There is no support in the record for this contention.  The BOP suggested to the sentencing court how it could achieve its desired result and the sentencing court acted on the BOP's suggestion when it issued the Fourth Amended Judgment.  Petitioner has received the relief he has sought since he first applied to the sentencing court with a § 2255 petition, his current sentence has been shortened by the number of days he served between February 18, 1998, and July 25, 2000.

Furthermore, the BOP has appropriately calculated Petitioner's sentence pursuant to 18 U.S.C. § 3585.  It commenced the sentence when Petitioner was received in custody to serve the present sentence, July 26, 2000.  18 U.S.C. § 3585(a).  It appropriately credited Petitioner for prior custody which had not been credited against another sentence, July 9, 1999 (date of release from prior sentence) through July 25, 2000 (day prior to imposition of current sentence).  18 U.S.C. § 3585(b).  It is unfortunate that the problem with achieving the result intended by the sentencing court was not identified and corrected until the sentencing court issued a Fourth Amended Judgment but Petitioner has now received the sentence which was intended and he is not entitled to the relief requested herein.

### III.    RECOMMENDATION

Based on the files, records, and proceedings herein, it is HEREBY RECOMMENDED THAT Petitioner's Petition for Writ of Habeas Corpus [Docket No. 10, Attachment 1] be dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 cases, as applied to Section 2241 cases under Rule 1(b).

DATED: December 7, 2007

          s/ *Franklin L. Noel*
          FRANKLIN L. NOEL
          United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **December 27, 2007**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.