UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

John W. Sliker,

        Petitioner,

                              **MEMORANDUM OPINION**
v.                               **AND ORDER**
                               Civil No. 07-1564 ADM/FLN

David L. Winn and Steven Gagnon,

        Respondents.

_____

John W. Sliker, *pro se*.

Jennifer Boal, Esq., and Mary J. Madigan, Esq., Assistant United States Attorneys, for Respondents.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Petitioner John W. Sliker's ("Petitioner") Objections [Docket No. 20] to Magistrate Judge Franklin L. Noel's Report and Recommendation ("R&R") [Docket No. 19] that Petitioner's Petition for Writ of Habeas Corpus ("Petition") [Docket No. 1] be dismissed with prejudice. For the reasons set forth below, Petitioner's Objections are overruled and the R&R is adopted. The procedural and factual background, described in the R&R, is incorporated by reference for review of Petitioner's present Objections.

## II. DISCUSSION

In reviewing an R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b). A district judge "may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

The sentencing court has issued four judgment and commitment orders relating to the calculation of Petitioner's sentence. Gagnon Decl. [Docket No. 16] Attach. 2b, 2d; Petition Attach. 3, 4. In each instance, the sentencing court has attempted to credit Petitioner for time served. Gagnon Decl. Attach. 2b, 2d; Petition Attach. 3, 4. Before issuing the Fourth, and final, Amended Judgment, the Bureau of Prisons ("BOP") contacted the sentencing court to explain why it had not calculated Petitioner's sentence as directed in the prior judgments. Gagnon Decl. ¶ 9. In the Third Amended Judgment, the sentencing court ordered that Petitioner serve his sentence concurrent to a prior sentence, thereby reducing the current sentence by 506 days. Petition Attach 3; Gagnon Decl. ¶ 9. The BOP was prohibited by its regulations from commencing a concurrent term because Petitioner was not actively serving his prior sentence. Gagnon Decl. ¶ 9. Accordingly, the sentencing court in the Fourth Amended Judgment gave Petitioner 506 days of prior custody credit instead of running his sentences concurrently.[1] Petition Attach. 4; Gagnon Decl. ¶ 9. The sentencing court achieved this result by reducing Petitioner's term of imprisonment from 200 months to 183 months and nine days. Petition Attach. 4. Accordingly, under the Fourth Amended Judgment no action was required by the BOP to credit Petitioner for the time previously served.

Petitioner claims that the BOP failed to give him credit for time served in calculating his current sentence. Petitioner brings his application for habeas corpus relief under 28 U.S.C.

---

[1] Authority for this adjustment was provided by application of Note 2 of U.S.S.G. § 561.3(b), in effect when Petitioner was sentenced.

§ 2241. The R&R recommends dismissal of Petitioner's Petition concluding that because his sentence, as corrected in the Fourth Amended Judgment, provided him with credit for time served, the BOP was not required to further reduce his sentence.

In objecting to the R&R, Petitioner contends that the sentencing court reduced his sentence in the Fourth Amended Judgment because of his "poor health and only that reason." Objections at 1. Accordingly, Petitioner claims Judge Noel mistakenly concluded that the BOP was not required to further reduce his sentence. Petitioner asserts that the sentencing court reduced his sentence because of his poor health and directed the BOP to further reduce his sentence to give him credit for time served.

The Fourth Amended Judgment reflects a downward departure from the applicable guideline range (determined by the sentencing court to be 235 to 293 months). The sentencing court departed from the guidelines for the expressed reason of Petitioner's "poor health" and sentenced him to 200 months. The 183 month and 9 day sentence imposed under the Fourth Amended Judgment reflects the recalculated sentence to give Petitioner credit for the time served in custody, as the sentencing judge intended. Petitioner has received the benefits of the deductions for both health reasons and custody credit. Accordingly, Judge Noel correctly concluded that the BOP properly calculated Petitioner's sentence.

### III.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The R&R [Docket No. 19] is **ADOPTED** in its entirety;

2. Petitioner's Objections [Docket No. 20] are **OVERRULED**;

3. Petitioner's Petition for Writ of Habeas Corpus [Docket No. 1] is **DISMISSED** with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


      s/Ann D. Montgomery      
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  January 23, 2008.